## Richmond.

ARMSTRONG & CO. v. HENDERSON & CO.

FEBRUARY 12, 1901.

Absent, Keith, P.

1. TRUST—*Security in Name of One of Several Beneficiaries.*—In a transaction for the benefit of several, a security taken by one of them inures to the benefit of all as fully as if each was named.
2. PLEADING—*Set-Offs—Counter Set-Offs.*—The inability of a plaintiff to prove counter set-offs or credits against a defendant's set-off is no ground for rejecting the latter.
3. PLEADING—*Several Payments on Joint Contract—Action for Contribution.*—On a joint purchase by three, and several payments by two, the right of action of the latter against the third party for contribution is several.

Error to a judgment of the Corporation Court of the city of Danville, rendered on the 19th day of April, 1900, in an action of *assumpsit*, wherein the plaintiffs in error were the plaintiffs, and the defendants in error were the defendants.

*Affirmed.*

The opinion states the case.

*Berkley & Harrison*, for the plaintiffs in error.

*Peatross & Harris*, for the defendants in error.

PHLEGAR, J., delivered the opinion of the court.

In the year 1899 the plaintiffs, living in New York city, and the defendants, living in Danville, Va., undertook, as promoters,

to form a combine or trust, of the tobacco warehouses, at Danville, and agreed in writing upon a basis for the division of expenses and profits. One of the things which they deemed necessary to the success of their plans was the retirement of a note executed by Lea, Watkins & Co. for five thousand dollars, which was to fall due at the Citizens Bank of Danville July 1, 1899. A few days before the maturity of the note, the plaintiffs, the defendants, and one E. F. Acree agreed to retire said note, " and that they should each pay one-third of the amount necessary to do this, and authorized the said J. A. Henderson (one of the defendants) to make the necessary arrangements and negotiation to retire said note for the said parties * * *, and that said J. A. Henderson & Co. should arrange it, and obtain what security they could for reimbursing them." J. A. Henderson and Acree retired the note by substituting their own $5,000 note therefor at the bank, which they paid thirty days thereafter, each paying one-half. They took from Lea, as a security or indemnity for the amount they assumed, and afterwards paid, for the Lea, Watkins & Co. note, an assignment to J. A. Henderson and E. F. Acree of the entire warehouse business, including books, accounts, stocks of tobacco, etc., which was being conducted by Lea, Watkins & Co. at the Banner Warehouse, and what Lea expected to get for putting the warehouse into the trust. By virtue of this transaction, Henderson & Co. were enabled, on the 3d of July, 1899, to get an option on the Banner Warehouse, which they could not have done without retiring the Lea, Watkins & Co. note. A few days thereafter J. A. Henderson informed Armstrong & Co. that the option had been obtained "and how it had been done, and they approved it."

Armstrong & Co. having paid more than their proportion of the expenses, not including the Lea, Watkins & Co. note, sued Henderson & Co. for the excess, in the Corporation Court of Danville. Henderson & Co. pleaded as an offset that they had

paid $833.33 for Armstrong & Co. in the retirement of the Lea, Watkins & Co. note. Issue was joined, the evidence heard, the plaintiff demurred thereto, verdict was found subject to the court's opinion on the demurrer to the evidence, and judgment was rendered for the defendants against the plaintiffs for $590.38; which was the $833.33 offset, less what the plaintiffs were entitled to on their original demand.

To that judgment a writ of error was awarded the plaintiffs.

The errors relied on are:

First. That a condition precedent to J. A. Henderson's authority to purchase the note, or one-third of it, on Armstrong & Co.'s account, was that he should obtain such security from Lea as he could for the benefit of Armstrong & Co., Henderson & Co., and Acree, and that he did not do this, but took the security, and in fact retired the note for himself and Acree, ignoring Armstrong & Co.

This position is untenable. James A. Henderson testified that the purchase was made for Henderson & Co., Armstrong & Co., and Acree. The security was taken in the name J. A. Henderson and E. F. Acree, probably because they were the persons who were conducting the negotiations, and who became personally and directly liable for the amount of the Lea, Watkins & Co. note; but the option on the Banner Warehouse, which was the real object which they were seeking, and the only consideration for retiring the note, was taken to Henderson & Co. and Armstrong & Co. From the terms of the assignment of the so-called securities, there was no possibility of a speculation or profit arising from the securities, because as soon as the $5,000 was repaid to J. A. Henderson and Acree the securities reverted to Lea. There was, therefore, no incentive to leave Armstrong & Co. out of the purchase. The transaction being for Armstrong & Co., Henderson & Co. and Acree, the security taken by their agent, or by some of the parties, was as much for the benefit of all as if each was named.

But if the authority given to J. A. Henderson and Acree required that the transaction should be in the names of all the parties, Armstrong & Co. waived their right to insist on it, when Henderson, a few days afterwards, advised them "of the securing of the option and how it had been done and they approved it."

Second. It was further objected that it was error to allow the offset because the plaintiff did not know and could not tell what amount Henderson and Acree had realized from the assignment made by Lea.

The inability of a plaintiff to prove counter offsets or credits against the defendants' offset, is no ground for rejecting the offset.

Third. That the retirement of the note was a joint transaction and that Henderson and Acree must sue jointly for the $1,666.66 paid by them for Armstrong & Co., and as Acree is no party to the suit the offset was inadmissible.

The quotations already made from the evidence show that it was not a joint transaction, but that each agreed to acquire one-third of the note and pay one-third of the cost, and that Henderson & Co. and Acree, although the joint note of J. A. Henderson and Acree was given at first, each paid one-half of the amount from their separate means. But if the purchase had been joint and the payments several, the right of action would have been several, because Henderson & Co. and Acree were each advancing their separate funds for Armstrong & Co., and his implied request was to each to the extent of the amount paid by each.

"In a *joint* contract for *the benefit of all, each* takes upon himself the liability to pay the whole debt, consisting of the shares which each co-contractor ought to pay as between themselves; and *each*, in effect, takes upon himself a liability for each to the extent of the amount of his share. Each therefore may be considered as becoming liable for the share of each one of his co-contractors, at the request of such co-contractor." 2

Rob. Pr. (new), 438, citing *Batard* v. *Hawes*, 75 E. C. L. Rep. 296.

In *Carthrale* v. *Brown*, 3 Leigh, 98, Judge Brooks says (page 101): " For though a covenant with several persons be joint and several in its terms, yet if the legal interest and cause of action be joint the action must be brought by all; and, on the other hand, if the interest and cause of action be several, the action must be brought by one only, though the covenant be in its terms joint." See also 1 Chitty on Pl., 16 Am. Ed., page 11.

If the liability, the request and the payments were all several, as they were in this case, there can be no doubt that the right of action was several. The right of action is not on the contract with Lea, Watkins & Co., but on the implied *assumpsit* or obligation which the law raises from the payment by one contractor of what his co-contractor should have paid, and therefore is governed by the terms which the law implies for the sake of justice between the parties. *Faires* v. *Cockrell*, 28 L. R. A. 528.

The judgment of the Corporation Court was correct, and is affirmed.

*Affirmed.*